UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN BRANDON,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

Case No. 2:24-cv-12804
Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 10) AND DENYING AS MOOT THE MOTION FOR WITHDRAWAL OF ATTORNEY STEPHON JOHNSON (ECF NO. 16)

Before the Court is the Motion to Dismiss of Defendants Michigan Department of Corrections ("MDOC"), Heidi Washington ("Washington"), Angela Helm ("Helm"), Timothy Prendergrast ("Prendergrast"), John Wooden ("Wooden"), Chantal Vanata ("Vanata"), Amber Milloy ("Milloy"), Tisha May ("May"), Mark McDowell ("McDowell"), Steve Hester ("Hester"), and State of Michigan (the "State") (together, "Defendants"). ECF No. 10. Defendants seek dismissal of Plaintiff Justin Brandon's ("Brandon") Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The Motion has been adequately briefed so the Court will rule without a hearing. *See* E.D. Mich. LR 7.1(f)(2).

1

For the reasons that follow, the Court **GRANTS** the Motion (ECF No. 10), **DISMISSES** Brandon's Complaint (ECF No. 1), and **DENIES AS MOOT** the Motion for Withdrawal of Attorney Stephon Johnson (ECF No. 16).

## I.

Brandon, a Hispanic man, began working for MDOC in March 2015 and "currently holds the position of Field Service Assistant." ECF No. 1, PageID.3-4. In mid-December 2021, Brandon was granted a reasonable accommodation for a medical condition. *Id.* at PageID.4. The following week, he received a letter from Human Resources stating his medical file contained incorrect information. *Id.* Brandon claims that, "[s]ubsequent[]" to the letter, he began experiencing a hostile work environment and race-based harassment. *Id.* However, Brandon does not specify who harassed him or provide details about the alleged race-based harassment he experienced between December 2021 and July 2022.

In July 2022, Brandon filed an internal discrimination complaint. ECF No. 1, PageID.4. Two weeks after complaining, Brandon alleges, a pattern of retaliatory behavior and unfavorable employment conditions began. *Id.* This started with a referral for a drug screening in mid-August 2022. *Id.* He was then referred for a second drug screening two months later. *Id.* Brandon also contends that some of the discrimination against him related to his disability and receipt of an

accommodation. *Id.* And he says that discrimination aggravated his medical condition, which "forc[ed] him" to request time off work. *Id.*

Fast forward over a year to February 2024 (Brandon's Complaint doesn't contain any allegations of misconduct between October 2022 and February 2024). *See* ECF No. 1, PageID.4-5. Brandon alleges that improper conduct and comments started in February 2024, mostly involving references to drugs, politics, and religion. On February 21st, for example, Brandon overheard Defendant Mark McDowell (an MDOC parole probation agent) make several comments regarding drug usage and negative remarks about Brandon's preferred political party. *Id.* at PageID.5. And early the next month, Brandon allegedly had another interaction with McDowell, who denigrated Brandon for his religious and political affiliations. *Id.*

Later that March, Brandon alleges, his cubicle was "TP'd" (toilet papered), which was followed by Defendant Steven Hester (another MDOC parole probation agent) also commenting on Brandon's religious and political affiliations. ECF No. 1, PageID.5. During another interaction between Brandon and Hester two days later, Hester continued making comments about Brandon's religious and political affiliations. *Id.* In that instance, Hester disrupted Brandon's work by postponing a "home call"[1] until about 3:50 p.m. and instructing Brandon to complete it. *Id.* Brandon claims this made him late for his scheduled 4:30 p.m. departure. *Id.*

---

[1] Brandon does not define the term "home call."

3

Brandon also describes two interactions with McDowell in April 2024. In the first, McDowell remarked to him, "[Y]ou can always smoke weed." *Id.* And in the second, about a week later, McDowell questioned a recurring weekly absence in Brandon's schedule. *Id.*

Before filing suit, Brandon filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ECF No. 1, PageID.2. According to Brandon, his EEOC charge arose out of the same facts as those relating to his retaliation claims under 42 U.S.C. § 1981 in the instant Complaint. *Id.* After the investigation, the EEOC issued Brandon a notice of his right to sue. *Id.* at PageID.2-3.

In June 2023, Brandon initiated a lawsuit before this Court against just the State, MDOC, Washington, Helm, and Prendergrast. *See Brandon v. State of Michigan, et al.*, Case No. 2:23-cv-11497 (E.D. Mich. 2023). In his complaint in that case, he presented three claims: (1) discrimination violating § 1981 and Title I of the Americans with Disabilities Civil Rights Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) retaliation violating § 1981 and the ADA; and (3) a state-law claim for intentional infliction of emotional distress. *See id.* at ECF No. 1. Shortly after that case was filed, the defendants moved to dismiss under 12(b)(1) and (6) (and asked the Court to decline exercising supplemental jurisdiction over the state

law claim), which the Court later granted in May 2024. *See id.* at ECF Nos. 3, 5, 6, 7.

Five months later, in late October 2024, Brandon filed the instant Complaint. ECF No. 1. On top of those defendants he previously sued, Brandon added Wooden, Vanatta, Milloy, May, McDowell, and Hester as defendants. *Id.* Brandon also reasserted his discrimination and retaliation claims under § 1981 and the ADA, while omitting the state law emotional-distress claim. *See id.* at PageID.5-7. The complaint in Case No. 23-cv-11497 sought relief from the defendants in their official roles, while the Complaint here seeks to hold them accountable in both their official and individual capacities. *Compare* Case No. 23-cv-11497, ECF No. 1, PageID.1 *with* Case No. 24-cv-12804, ECF No. 1, PageID.1.

In mid-March 2025, Defendants moved to dismiss Brandon's instant Complaint under Rule 12(b)(1) and (6). ECF No. 10. That Motion is fully briefed. ECF Nos. 11, 12. Having reviewed the parties' briefs, the Court finds oral argument unnecessary and will rule on the record before it. *See* E.D. Mich. LR 7.1(f)(2).

## II.

"A claim of sovereign immunity challenges the court's subject matter jurisdiction and, as such, is properly raised under Federal Rule of Civil Procedure 12(b)(1)." *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). Such a

5

motion "either *facially* or *factually* attack[s] jurisdiction." *L.C.*, 83 F.4th at 542 (emphasis in original). Facial attacks focus on whether the plaintiff has alleged a basis for subject-matter jurisdiction, challenging subject-matter jurisdiction "without disputing the facts alleged in the complaint" and "requir[ing] the court to treat the allegations of the complaint as true." *Id.* (quotation marks and citations omitted). Conversely, factual attacks "challenge[] the factual existence of subject matter jurisdiction," attacking the factual allegations underlying jurisdictional assertions, either by "the filing of an answer or otherwise presenting competing facts." *Id.* (quotation marks and citations omitted). Defendants' Motion presents a facial attack on the Court's subject-matter jurisdiction.

In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]he presumption of truth" applicable to factual allegations "is inapplicable to legal conclusions." *Fisher v. Perron*, 30 F.4th 289, 294 (6th Cir. 2022).

## III.

Defendants have moved to dismiss this case arguing that Brandon's ADA claims are barred by sovereign immunity and that the individual defendants cannot be held liable under the ADA in their official or individual capacities. ECF No. 10, PageID.65-70. Defendants also maintain that Brandon has failed to state a viable claim for retaliation and discrimination under § 1981. *Id.* at PageID.70-71. The Court agrees on both grounds and addresses each in turn.

### A. ADA CLAIMS (OFFICIAL CAPACITY)

Here, Brandon seeks both monetary damages and prospective injunctive relief from Defendants in their official capacities. ECF No. 1, PageID.1-2, 5-8. Brandon is entitled to neither form of relief under the ADA.

First, Defendants in their official capacities have Eleventh Amendment immunity from Brandon's claim for monetary damages, for the same reasons detailed in the Court's opinion in Brandon's previous case, Case No. 23-cv-11497. *See* Case No. 23-cv-11497, ECF No. 7, PageID.69-70 (summarizing case law holding that Congress has not validly abrogated state sovereign immunity from suit by private individuals for money damages under Title I). Brandon's official-capacity claims against Defendants for monetary damages under the ADA are therefore dismissed.

Second, prospective injunctive relief against a state official in their official capacity (an *Ex Parte Young* claim) is only warranted "to end a continuing violation of federal law." *Whitfield*, 639 F.3d at 257. Brandon's Complaint requests "[p]rospective injunctive relief to end the continuing violations of federal laws by the individual defendants in their personal and individual capacities." *See* ECF No. 1, PageID.2, 7-8; *see also Whitfield*, 639 F.3d at 257 (citing *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005)) ("The question of whether a complaint contains an *Ex Parte Young* action is determined on a claim-by-claim basis."). Yet while he seeks prospective relief,[2] his *Ex Parte Young* claim fails because he fails to allege a "continuing violation of federal law." *Whitfield*, 639 F.3d at 257.

Brandon's allegations fail to state any ongoing federal violations. His Complaint alleges that he faced retaliation and discrimination from approximately December 2021 to October 2022. ECF No. 1, PageID.4-5. It then jumps to alleged conduct in February, March, and April 2024. *Id.* at PageID.5. Thus, not only is there over a year gap between the alleged 2022 and 2024 conduct, but Brandon also fails to allege any discriminatory or retaliatory conduct past April 2024. *Id.* So it appears, based on his allegations, that by the time Brandon filed his Complaint in

---

[2] As Defendants note, "it is unclear what specific relief Brandon seeks [with his request for an] injunction." *See* ECF No. 10, PageID.67. This was fatal to his previous complaint. *See* Case No. 23-cv-11497, ECF No. 7, PageID.70-72. But even if he had identified the specific relief he sought, as required, *see id.* at PageID.72, his current Complaint would still fail because, as will be explained, he doesn't allege a continuing violation of federal law, as required by *Ex Parte Young*.

8

October 2024, no other federal violations had occurred or were ongoing. *See generally* ECF No. 1. Rather, the Complaint only includes conclusory assertions in the relief-requested section, and that simply is not enough to survive a motion to dismiss. *See id.* at PageID.8 (requesting "[p]rospective injunctive relief to end the continuing violations of federal laws by the individual defendants in their personal and individual capacities.").[3] Because Brandon has not identified any ongoing federal violations, his *Ex Parte Young* claim fails.

B.  **ADA CLAIMS (INDIVIDUAL CAPACITY)**

Brandon also asks the Court to hold the individual Defendants personally liable for the ADA claims against them. ECF No. 1, PageID.1-2, 5-8. These claims fail, too. The ADA generally bars public employees or supervisors from being sued in their individual capacities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007); *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2005). Here, that bar covers all individual Defendants except Washington. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases.").

---

[3] Brandon submitted two letters that include events that have allegedly occurred more recently. *See* ECF Nos. 13, 14. As Defendants suggest, the Court construes these as an attempt to add further factual allegations and as an improper filing, as Brandon is represented by counsel (whose now pending motion to withdraw had not been filed at the time Brandon filed the letters). Brandon's letters are therefore not properly before the Court and are not considered in the analysis of this Motion.

Defendants concede that as Director of the MDOC, Washington qualifies as an employer under the ADA who could potentially be individually liable. *See* ECF No. 12, PageID.84; *Sullivan*, 197 F.3d at 808 n.1. But Brandon's claims against Washington fail because he failed to allege specific action by Washington sufficient to put her on notice or to plausibly state a violation of the law.[4] *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims missing allegations of the specific defendants involved in or responsible for alleged violations); *see also Gordon v. Barlow,* No. 15-2024-JDT-TMP, 2016 WL 1390023, at *5 (W.D. Tenn. Apr. 7, 2016) ("The complaint does not actually contain any factual allegations against the specifically named Defendants. When a complaint fails to allege any action by a defendant, it necessarily fails to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). Thus, all of Brandon's claims against Defendants, in their individual capacities, are subject to dismissal.

## C.     TITLE VII § 1981

Brandon also raises claims for retaliation and discrimination under 42 U.S.C. § 1981. ECF No. 1, PageID.5-8. He brought these claims before and the Court dismissed them because § 1981 is not a vehicle by which plaintiffs may seek

---

[4] The Court's finding that Brandon hasn't identified specific conduct by Washington makes it unnecessary to address Defendants' timeliness argument. *See* ECF No. 12, PageID.68-70.

damages against a defendant in their official or individual capacity. *See* Case No. 23-cv-11497, ECF No. 1; ECF No. 7, PageID.73-74 (explaining that § 1983 provides the exclusive remedy for damages for violations of rights guaranteed by § 1981; but even then, claims for monetary damages under § 1983 are subject to Eleventh Amendment immunity). That reasoning still applies, so the Court dismisses Brandon's § 1981 claims. *See id.* at ECF No. 7, PageID.73-74.

## IV.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 10). The Court **DISMISSES WITHOUT PREJUDICE** Brandon's ADA claims against Defendants in their official capacities and against Defendant Washington in her individual capacity; **DISMISSES WITH PREJUDICE** Brandon's ADA claims against Defendants Helm, Prendergrast, Wooden, Vanata, Milloy, May, McDowell, and Hester in their individual capacities; and **DISMISSES WITH PREJUDICE** Brandon's claims under § 1981 against all Defendants.

Resolution of this Motion moots the Motion for Withdrawal of Attorney Stephon Johnson (ECF No. 16), so that motion is **DENIED AS MOOT**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: July 28, 2025

s/Brandy R. McMillion
BRANDY R. MCMILLION
United States District Judge